Filed 12/14/20 P. v. Jackson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA STEVEN JACKSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B303129<br>(Super. Ct. No. 18F-04137)<br>(San Luis Obispo County) |

Joshua Steven Jackson appeals a judgment following his conviction for possession of matter depicting a minor engaging in sexual conduct with a prior conviction (Pen. Code,[1] § 311.11, subd. (b)) (count 1), and possession of matter depicting a minor engaging in sexual contact with more than 600 images (*id.*, subd. (c)) (count 2). Jackson admitted he had three prior strike convictions under the "Three Strikes" law in 2003, which included two convictions for lewd acts with a child under 14 years

---

[1] All statutory references are to the Penal Code.

of age (§ 288, subd. (a)) and a conviction for continuous sexual abuse of a child (§ 288.5).

The trial court imposed a 25-years-to-life sentence on count 1 and it stayed the term on count 2. We conclude, among other things, that: 1) the trial court did not abuse its discretion by declining to strike any of his three prior strike convictions, and 2) it did not err by imposing a $5,000 restitution fine. (§ 1202.4, subd. (b).) We affirm.

FACTS

On May 10, 2018, Sheriff's Detective Spencer Garrett interviewed Jackson. Garrett had obtained information from Google that child pornography was on Jackson's computer account. Jackson admitted that the computer account that Google had identified was his. Child pornography was found on Jackson's cell phone and his laptop computer.

Garrett testified at the preliminary hearing that on Jackson's phone there were "8,000 images." He said, "I approximated about 90 percent of them were depictions of children in sexually suggestive poses. And most of the children were nude." The children's ages ranged between three years old and 17 years old.

On Jackson's laptop there were between 40,000 to 50,000 pictures "of children in sexually explicit poses and images." There were videos of child pornography.

Jackson was arrested and charged with two child pornography possession counts. (§ 311.11, subd. (b) (count 1); *id.*, subd. (c) (count 2).) After pleading no contest to both counts, Jackson filed a request to dismiss his prior strike convictions. The trial court denied the request.

*Not Striking a Prior Strike Conviction*

Jackson fell within the purview of the Three Strikes law.

Jackson contends the "[trial] court erred in declining to strike one of [his] 'strike' prior convictions."  We disagree.

"[A] trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony" in furtherance of justice.  (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)  The court determines whether the defendant falls outside the spirit of the Three Strikes law.  A ruling on whether or not to strike the priors is reviewed for an abuse of discretion.  (*Ibid.*)

Jackson filed a "request for court dismissal or priors alleged under the Three Strikes law" under its discretionary authority as provided in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  He claimed, among other things, that he was 38 years old, he had attended "monthly sex offender outpatient counseling," and a "determinate sentence" would be appropriate.

The People opposed Jackson's request.  They noted that his "criminal career spans 17 years."  During that period he committed five felonies and "[h]e has not successfully completed a grant of parole."  They said, "There has never been a significant period of time in the defendant's life since 2002, where he was not committing crimes or serving time in prison."

The trial court in denying the request to strike priors said: 1) "Jackson was convicted of three strikes in January of 2003," and was sentenced to state prison for 10 years; 2) in 2012 he violated parole; 3) he was "convicted in December 2012 for possessing child pornography, a felony" and sentenced to four years in state prison; 4) he "then again failed to successfully complete parole"; and 5) he then "picked up the felony charges in

3

this case." He has a "recidivist criminal history." One of his 2003 felony convictions involved continuous "sexual abuse of a child." The court said it had reviewed "the particulars of his background, character, and [his] prospects."

The probation officer's report noted that Jackson "has accumulated a significant prior criminal record," his performance on parole "was unsatisfactory," and there were *no "possible factors in mitigation."* (Italics added.)

The trial court told Jackson "since 2002, there's been a very small window of time . . . that you've led a law-abiding life or you haven't been in custody." Jackson has not shown an abuse of discretion.

### *The $5,000 Restitution Fine*

Jackson contends the trial court erred in imposing a $5,000 restitution fine." (§ 1202.4.) The court imposed this fine and found Jackson "will be earning prison wages." Jackson claims the future prospect of potentially receiving prison wages is not a valid ground to sustain the $5,000 fine.

The People claim that Jackson "did not object to the restitution fine at sentencing," and consequently his challenge to it is "forfeited."

During sentencing, Jackson's counsel said Jackson "has no ability to pay" fines or fees. But his counsel did not present evidence or offer to present evidence to show why Jackson would not be able to pay this fine from prison wages. " 'Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed.' " (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1074.)

4

" ' "Ability to pay does not necessarily require existing employment or cash on hand." ' " (*People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1076.) " ' "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." ' " (*Ibid.*) " 'This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.' " (*Ibid.*) "Prison wages range from $12 to $56 per month, depending on the prisoner's skill level." (*Ibid.*) "The state may garnish between 20 and 50 percent of those wages to pay the section 1202.4, subdivision (b) restitution fine." (*Ibid.*)

Where the defendant has not shown physical disability, "[i]t is illogical to conclude that [defendant] will not have an ability to begin paying at least some of the imposed [fine]" while incarcerated. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060.)

Here Jackson's prison sentence is 25 years to life. Jackson's counsel stated that Jackson is in "excellent physical health." He has worked as "a cook, machinist and warehouse laborer." Prior to his arrest, he was employed at a "99 Cent store." He had performed "construction side job work." At the time of sentencing, Jackson was 38 years old. "He denied any outstanding debts." He told the probation department that he had a "401k retirement plan" at work. The probation department recommended that he pay a $10,000 restitution fine. The trial court reduced that to $5,000. Jackson has not shown error.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



YEGAN, J.



PERREN, J.


6

Hernando J. Baltodano, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Richard Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.